IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN R. RODRIGUEZ, | No. 2:16-CV-0935-GEB-CMK-P |
| Petitioner, | |
| vs. | FINDINGS AND RECOMMENDATIONS |
| JOEL MARTINEZ, | |
| Respondent. | |

Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Pending before the court is respondent's unopposed motion to dismiss (Doc. 14).  Respondent argues the instant petition was filed beyond the one-year statute of limitations and is, therefore, untimely.

## I.  BACKGROUND

Petitioner was convicted of being a felon in possession of a firearm and ammunition, as well as transportation of methamphetamine and possession of a controlled substance while in possession of a loaded firearm.  He was sentenced to a determinate prison term of eleven years four months.  On direct appeal, the California Court of Appeal stayed

1

1 petitioner's sentence on count five and affirmed the judgment and conviction in all other
2 respects. The California Supreme Court denied direct review on May 14, 2014. Petitioner then
3 filed the following state post-conviction actions:[1]

4 First Petition        San Joaquin County Superior Court
                        Filed August 17, 2015
5                       Denied October 8, 2015

6 Second Petition       California Supreme Court
                        Filed March 9, 2016
7                       Denied April 28, 2016

8 The instant federal petition was filed on April 28, 2016.

9

10                                **II.  DISCUSSION**

11          Federal habeas corpus petitions must be filed within one year from the later of: (1)
12 the date the state court judgment became final; (2) the date on which an impediment to filing
13 created by state action is removed; (3) the date on which a constitutional right is newly-
14 recognized and made retroactive on collateral review; or (4) the date on which the factual
15 predicate of the claim could have been discovered through the exercise of due diligence. See 28
16 U.S.C. § 2244(d). Typically, the statute of limitations will begin to run when the state court
17 judgment becomes final by the conclusion of direct review or expiration of the time to seek direct
18 review. See 28 U.S.C. § 2244(d)(1).
19 / / /
20 / / /

21 ─────────────

22    [1]    In Houston v. Lack, 487 U.S. 266 (1988), the Supreme Court held that a pro se
   prisoner's notice of appeal is deemed "filed" at the moment he delivers it to prison officials for
23 mailing to the court. The so-called "prison mailbox rule" has been extended to apply to other
   legal documents submitted to the court by prisoners. See e.g. Stillman v. LaMarque, 319 F.3d
24 1199, 1201 (9th Cir. 2003) (applying rule to prisoner's habeas corpus petition); see also Huizar v.
   Carey, 273 F.3d 1220, 1223 (9th Cir. 2001) (discussing rule in context of "prisoner who delivers
25 a document to prison authorities"); Lott v. Mueller, 304 F.3d 918, 921 (9th Cir. 2002) (stating
   rule in terms of any "legal document" submitted by a pro se prisoner). All filing dates outlined
26 herein give petitioner the benefit of the mailbox rule.

Where a petition for review by the California Supreme Court is filed and no petition for certiorari is filed in the United States Supreme Court, the one-year limitations period begins running the day after expiration of the 90-day time within which to seek review by the United States Supreme Court.  See Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001).  Where a petition for writ of certiorari is filed in the United States Supreme Court, the one-year limitations period begins to run the day after certiorari is denied or the Court issued a merits decision.  See Wixom v. Washington, 264 F.3d 894, 897 (9th Cir. 2001).  Where no petition for review by the California Supreme Court is filed, the conviction becomes final 40 days following the Court of Appeal's decision, and the limitations period begins running the following day.  See Smith v. Duncan, 297 F.3d 809 (9th Cir. 2002).  If no appeal is filed in the Court of Appeal, the conviction becomes final 60 days after conclusion of proceedings in the state trial court, and the limitations period begins running the following day.  If the conviction became final before April 24, 1996 – the effective date of the statute of limitations – the one-year period begins to run the day after the effective date, or April 25, 1996.  See Miles v. Prunty, 187 F.3d 1104, 1105 (9th Cir. 1999).

The limitations period is tolled, however, for the time a properly filed application for post-conviction relief is pending in the state court.  See 28 U.S.C. § 2244(d)(2).  To be "properly filed," the application must be authorized by, and in compliance with, state law.  See Artuz v. Bennett, 531 U.S. 4 (2000); see also Allen v. Siebert, 128 S.Ct. 2 (2007); Pace v. DiGuglielmo, 544 U.S. 408 (2005) (holding that, regardless of whether there are exceptions to a state's timeliness bar, time limits for filing a state post-conviction petition are filing conditions and the failure to comply with those time limits precludes a finding that the state petition is properly filed).  A state court application for post-conviction relief is "pending"during all the time the petitioner is attempting, through proper use of state court procedures, to present his claims.  See Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999).  It is not, however, considered "pending" after the state post-conviction process is concluded.  See Lawrence v. Florida, 549

1  U.S. 327 (2007) (holding that federal habeas petition not tolled for time during which certiorari
2  petition to the Supreme Court was pending).  Where the petitioner unreasonably delays between
3  state court applications, however, there is no tolling for that period of time.  See Carey v. Saffold,
4  536 U.S. 214 (2002).  If the state court does not explicitly deny a post-conviction application as
5  untimely, the federal court must independently determine whether there was undue delay.  See id.
6  at 226-27.

7          There is no tolling for the interval of time between post-conviction applications
8  where the petitioner is not moving to the next higher appellate level of review.  See Nino, 183
9  F.3d at 1006-07; see also Dils v. Small, 260 F.3d 984, 986 (9th Cir. 2001).  There is also no
10 tolling for the period between different sets of post-conviction applications.  See Biggs v.
11 Duncan, 339 F.3d 1045 (9th Cir. 2003).  Finally, the period between the conclusion of direct
12 review and the filing of a state post-conviction application does not toll the limitations period.
13 See Nino, 1983 F.3d at 1006-07.

14         In this case, petitioner's conviction became final upon expiration of the 90-day
15 period to seek review by the United States Supreme Court, or on August 12, 2014.  The one-year
16 limitations period began to run the following day – August 13, 2014.  Because petitioner filed
17 his first state post-conviction action after limitations period ended on August 12, 2015, petitioner
18 is not entitled to any tolling for the time his state petitioners were pending, or for the time
19 between state petitions.  The instant federal petition – filed on April 28, 2016 – is untimely.
20 / / /
21 / / /
22 / / /
23 / / /
24 / / /
25 / / /
26 / / /

### III.  CONCLUSION

Based on the foregoing, the undersigned recommends that respondent's unopposed motion to dismiss (Doc. 14) be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the court.  Responses to objections shall be filed within 14 days after service of objections.  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

 DATED:  October 17, 2016

　　　　　　　　　　　　　　　　　　　　　　　　／s／ Craig M. Kellison
　　　　　　　　　　　　　　　　　　　　　　　**CRAIG M. KELLISON**
　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE